**UNITED STATES BANKRUIPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X Case No. 23-41862-ess
**In re:**

**JOSEPH NORTON**
*aka* **Joseph S Norton,**
                             **Debtor.**
-----------------------------------------------------------X
**Joseph Norton,**
                             **Appellant,**
**V**

**ECP Property II LLC,**
                             **Appellee.**
-----------------------------------------------------------X

## NOTICE OF APPEAL

Notice is hereby given that Joseph Norton (the "Appellant") appeals under 28 U.S.C. § 158(d) and FRBP 8002 (a) from the judgment, order, oral and or written by Hon. Elizabeth S. Stong of the bankruptcy court, dated January 22, 2024 (Order), denying sanctions, holding inapplicability of automatic stay and from all parts of the Order as well as the oral decision by the Court on January 10, 2024, relied and incorporated by the said Order.

The Appellant appeals the underlying Opinion and Order thereto and from every portion thereof, both on procedural and substantive basis. The name of all parties to the judgment, Order or decree appealed from and the names, addresses, emails and telephone numbers of their respective attorney are attached hereto.

Appellant: *Joseph Norton*
Represented by Karamvir Dahiya, Narissa Joseph
75 Maiden Lane Suite 606
New York NY 10038
Tel: 212 766 8000
Email: karam@dahiya.law

Appellee: ECP Property II LLC,
Represented by Jeremy S. Friedberg, Esq.
Friedberg PC
10045 Red Run Boulevard, Suite 160
Baltimore, MD 21117
917-447-4321
Email: jeremy@friedberg.legal


Dated: January 22, 2024
New York, NY

                                              /s/*karamvir dahiya*
                              Karamvir Dahiya for the Appellant

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

JOSEPH NORTON
*aka* Joseph S Norton,

                                      Chapter 13

                                      Case No. 23-41862-ess

                    Debtor.
-----------------------------------------------------------x

## **ORDER DENYING DEBTOR'S MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY**

*Procedural Background*

       WHEREAS, on January 27, 2022, ECP Property II LLC (the "Creditor") filed a complaint against Joseph Norton (the "Debtor"), 29 Kermit Place LLC, 31 Kermit Owner LLC, 35 Kermit Place LLC, 771 Hopkins Boyland LLC, Tameka Norton, Noel Norton, Tamir Norton, Doe, Inc. 1 through 10, and John and/or Jane Does 1 through 10 in the State Court of New York in Kings County (as subsequently amended to include as defendants Saratoga Livonia, LLC, Smart Kids R Us, Inc., Jehova-Jireh el Shaddai, LLC, and Carlotta Norton, the "State Court Action"); and

       WHEREAS, on May 25, 2023, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code; and

       WHEREAS, on August 30, 2023, the Debtor filed a Motion for Sanctions for Violation of the Automatic Stay seeking to (a) hold the Creditor and its agents in contempt, (b) assess punitive damages against the Creditor and its agents, (c) award damages, including attorney's fees, and (d) enjoin the Creditor and its agents from future misconduct, with each request for relief arising out of an alleged violation of the automatic stay imposed in this case pursuant to Bankruptcy Code Section 362 by the Creditor; and

1

WHEREAS, on September 11, 2023, the Debtor filed Schedule A, and scheduled his 0% ownership interest in, and bare legal title to, 29 Kermit Place LLC, 32 Kermit Place LLC, and 35 Kermit Place LLC (together, the "LLCs"); and

WHEREAS, on September 18, 2023, the State Court entered an order which provided, in part, that the State Court Action was "stayed only as to Defendant Joseph S. Norton until such time as the Bankruptcy Action is dismissed or otherwise resolved, and that [the State Court Action] shall be reinstated as to Defendant Joseph S. Norton immediately upon dismissal of the Bankruptcy Action, to the extent that the debt reflected in the Judgment underlying this action is not discharged;" and

WHEREAS, on October 2, 2023, the Creditor filed an Amended and Supplemental Complaint in the State Court Action and stated that the State Court Action is stayed as to the Debtor in light of his pending bankruptcy case; and

WHEREAS, on October 9, 2023, the Creditor filed an Affirmation in Opposition to the Debtor's Motion for Sanctions; and

WHEREAS, on January 10, 2024, the Court held a hearing on the Debtor's Motion for Sanctions and the opposition thereto, at which the Debtor and Creditor appeared and were heard, and the record is now closed.

*The Applicable Law – The Automatic Stay*

WHEREAS, pursuant to Bankruptcy Code Section 541(a), when a bankruptcy case is commenced, an estate is created, which contains all legal or equitable interests of the debtor in property as of the commencement of the case; and

WHEREAS, "[a] notable exception to this rule, however, is that the bankruptcy estate does not include 'property of others in which the debtor ha[s] some minor interest such as a lien

2

or bare legal title.'" *Geltzer v. Bevilacqua* (*In re Schulter*), 585 B.R. 670, 681 (Bankr. E.D.N.Y. 2018) (quoting *In re Howard's Appliance Corp.*, 874 F.2d 88, 93 (2d Cir. 1989) and *United States v. Whiting Pools, Inc*., 462 U.S. 198 (1983)); and

WHEREAS, Bankruptcy Code Section 541 also provides that any property held in legal title becomes property of the estate "only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold," 11 U.S.C. § 541(d).

*The Applicable Law – Whether the Automatic Stay Applies to Non-Debtors*

WHEREAS, "[i]t is well-established that stays pursuant to [Bankruptcy Code Section] 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants," *Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986); and

WHEREAS, "[t]he automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate," *Queenie, Ltd. v. Nygard Int'l,* 321 F.3d 282, 287 (2d Cir. 2003); and

WHEREAS, a bankruptcy court may use its authority under Bankruptcy Code section 105(a) to impose a stay under Bankruptcy Code Section 362(a) "against a non-bankrupt party when such an identity of interest exists between the debtor and third party non-debtor that a judgment against the third party will directly affect the debtor," *Gucci, Am., Inc. v. Duty Free Apparel, Ltd.*, 328 F. Supp. 2d 439, 441 (S.D.N.Y. 2004); and

WHEREAS, courts have found that, because a limited liability company is not eligible to be a debtor under Chapter 13, the protections of the automatic stay in a Chapter 13 bankruptcy case cannot be enlarged to extend to a limited liability company, particularly where, as here, "the Debtor's property interest in the LLC is confined to the intangible rights of ownership allowed under [applicable state law]," *In re McCormick*, 381 B.R. 594, 602 (Bankr. S.D.N.Y. 2008).

3

*The Court's Findings of Fact and Conclusions of Law*

WHEREAS, here, the Court finds and concludes that the record shows that the Debtor owns bare legal title to the LLCs; and

WHEREAS, here, the Court finds and concludes that the record shows that the Debtor has not requested that this Court impose a stay with respect to any individual or entity other than the Debtor in this case; and

WHEREAS, based on the entire record, the Court finds and concludes that the Debtor has not established a sufficient basis to conclude that the Creditor violated the automatic stay with respect to the Debtor; and

WHEREAS, this Court finds and concludes that the Debtor has not established that the Creditor violated the automatic stay with respect to any non-debtor individual or entity.

NOW, THEREFORE, it is hereby

ORDERED, that the Debtor's Motion for Sanctions for Violation of the Automatic Stay is denied.



Dated: Brooklyn, New York
January 18, 2024

_____
Elizabeth S. Stong
United States Bankruptcy Judge

TO:

**Joseph Norton**
771 Thomas Boyland Street
Apt. 1F
Brooklyn, NY 11212

**Karamvir Dahiya**
Dahiya Law Offices LLC
75 Maiden Lane
Ste 606
New York, NY 10038

**Narissa A Joseph**
305 Broadway
Suite 1001
New York, NY 10007

**Krista M Preuss**
Krista M. Preuss, Chapter 13 Trustee
100 Jericho Quadrangle
Ste 127
Jericho, NY 11753

**Office of the United States Trustee**
Eastern District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling Green
Room 510
New York, NY 10004-1408

**Jeremy S. Friedberg, Esq.**
Friedberg PC
10045 Red Run Boulevard, Suite 160
Baltimore, MD 21117

**Law Offices of Avrum J. Rosen, PLLC**
38 New Street
Huntington, New York 11743
Attn: Alex E. Tsionis, Esq.